IN THE DISTRICT COURT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| WINSTON TYLER HENCELY, | * |
| | * |
| Plaintiff, | * |
| | * CIVIL ACTION FILE |
| v. | * |
| | * NO. _____ |
| FLUOR CORPORATION, INC.; | * |
| FLUOR ENTERPRISES, INC.; | * |
| FLUOR INTERCONTINENTAL, | * |
| INC.; FLUOR GOVERNMENT | * |
| GROUP INTERNATIONAL, INC., | * |
| | * |
| Defendants. | * |

**PLAINTIFF'S RESPONSES**
**LOCAL RULE 26.01 INTERROGATORIES**

COMES NOW Plaintiff Winston Tyler Hencely, who hereby responds to the Court's Interrogatories, pursuant to Local Rule 26.01, as follows:

Interrogatory A:

State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

Response:

> The United States Department of Defense
> The United States Army
> 1400 Defense Pentagon
> Washington, DC 20301-1400
> 703-571-3343

The Department of Defense and/or The Army may have a subrogation interest in this matter due to compensation or other benefits paid to Plaintiff.

> The United States Department of Veteran Affairs
> 810 Vermont Avenue, NW
> Washington, DC 20420
> 1-800-827-1000

The Department of Veteran Affairs may have a subrogation interest in this matter due to medical benefits and other disability benefits provided to Plaintiff resulting from his injuries.

Interrogatory B:

As to each claim, state whether it should be tried jury or non-jury and why.

Response:

Plaintiff requests a jury trial for all claims in this matter.

Interrogatory C:

State whether the party submitting these responses is a publicly owned company and separately identify: (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

Response:

No.

Interrogatory D:

State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).

Response:

The incident which gives rise to the cause of action in this complaint occurred on Bagram Air Force Base in Afghanistan. The Plaintiff is a citizen of Georgia. Defendants Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc. maintain their principal places of business in Greenville, South Carolina, at 100 Fluor Daniel Drive, Greenville, South Carolina. Fluor Corporation, Inc. regularly conducts business in South Carolina at the same location, including performing significant parts of the contracts at issue in this case. The Defendants are private contractors of the United States Army, and the contracts at issue in this case were entered into in Greenville, South Carolina.

Interrogatory E:

Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal? If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action. Counsel should

disclose any cases which may be related regardless of whether they are still pending. Whether cases are related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor of heard by different judges.

Response:

Under S.C. R. D. C. 26.01(E) "whether cases are related such that they should be assigned to a single judge will be determined by the clerk of court based on a determination of whether the cases arise from the same or identical transactions, happenings, or events; involve the identical parties or property; *or* for any other reason would entail substantial duplication of labor if heard by different judges."  (Emphasis added.)

(1)    The potentially related case was *Norat v. Fluor Intercontinental, Inc.*, Civil Action File No. 6:16-cv-00603-BHH & Civil Action File No. 6:14-cv-04902-BHH.

(2)    The two cases involved the same defendants, the same military base, the same contracts with the Department of Defense (LOGCAP IV and Task Order 005), allegations of negligence by defendants, and the present case

4

will certainly involve the same supposed "immunity" arguments raised by Fluor in *Norat* and decided by this District Court.

(3)    Plaintiff in the present case understands that *Norat v. Fluor* has settled.

To be clear, the two cases, *Hencely* and *Norat*, do not "arise from the same or identical transactions, happenings, or events," and do not "involve the identical parties or property," but Plaintiff feels obligated to disclose that, as noted in (2) above, there are reasons that "would entail substantial duplication of labor if [the two cases were] heard by different judges."

Respectfully submitted, this 20th day of February, 2019.

/s/ Beattie B. Ashmore
BEATTIE B. ASHMORE, #5215
Beattie@BeattieAshmore.com


JAMES E. BUTLER, JR. (Pro Hac Vice to be filed)
Georgia Bar No. 099625
Jim@ButlerWooten.com
JONATHAN S. TONGE (Pro Hac Vice to be filed)
Georgia Bar No. 303999
Jon@ButlerWooten.com
BUTLER WOOTEN & PEAK LLP
2719 Buford Highway
Atlanta, Georgia 30324
T:  (404) 321-1800    F:  (404) 321-2962

W. ANDREW BOWEN, #10510
Andrew@BowenPainter.com
PAUL PAINTER, III (Pro Hac Vice to be filed)
Georgia Bar No. 520965
BOWEN PAINTER, LLC
215 W. York Street
P.O. Box 8966 (31412)
Savannah, GA 31401
T:  (912)335-1909     F:   (912)335-3537

BEATTIE B. ASHMORE, P.A.
650 E. Washington Street
Greenville, S.C. 29601
T:  (864) 467-1001    F:  (864) 672-1406


ATTORNEYS FOR PLAINTIFF

6