UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Winston Tyler Hencely, ) | C/A No. 6:19-cv-00489-BHH |
| Plaintiff, ) | |
| ) | |
| Versus ) | **DEFENDANTS' ANSWERS TO LOCAL** |
| ) | **RULE 26.01 INTERROGATORIES** |
| Fluor Corporation, Inc.; Fluor Enterprises, Inc.; ) | |
| Fluor Intercontinental, Inc.; Fluor Government ) | |
| Group International, Inc., ) | |
| Defendants. ) | |

Pursuant to Rule 26.01 of the Local Civil Rules for the United States District Court, District of South Carolina, Defendants, Fluor Corporation, Inc., Fluor Enterprises, Inc., Fluor Intercontinental, Inc., Fluor Government Group International, Inc. ("Defendants"), by its undersigned attorneys, makes the following answers to Court ordered Interrogatories:

(A) State the full name, address and telephone number of all persons or legal entities who may have a subrogation interest in each claim and state the basis and extent of said interest.

**ANSWER: None known to Defendants at this time. Due to the nature of Plaintiff's alleged injuries, medical liens arising from Defense Base Act carriers and/or other insurance carriers may be applicable.**

(B) As to each claim, state whether it should be tried jury or nonjury and why.

**ANSWER: Defendants respectfully assert that Plaintiff's claims raise nonjusticiable political questions over which this Court lacks subject matter jurisdiction. Subject to Defendants' Motion to Dismiss under Rule 12(b)(1), Defendants believe that this case should be tried to a jury as Plaintiff alleges common law tort claims and the Defendants are entitled to trial by jury as a matter of right.**

(C)     State whether the party submitting these responses is a publicly owned company and separately identify:  (1) each publicly owned company of which it is a parent, subsidiary, partner, or affiliate; (2) each publicly owned company which owns ten percent or more of the outstanding shares or other indicia of ownership of the party; and (3) each publicly owned company in which the party owns ten percent or more of the outstanding shares.

**ANSWER:     Fluor Corporation, Inc. is a for profit corporation and publicly traded company.  Fluor Corporation, Inc., does not own ten percent or more of any publicly owned company.**

**Fluor Enterprises, Inc., a for profit corporation, is owned 100% by Fluor Corporation, a for profit corporation and publicly traded company.  Fluor Enterprises, Inc., does not own ten percent or more of any publicly owned company.**

**Fluor Government Group International, Inc., a for profit corporation, is owned 100% by Fluor Enterprises, Inc., a for profit corporation, which is owned 100% by Fluor Corporation, a for profit corporation and publicly traded company. Fluor Government Group International, Inc., does not own ten percent or more of any publicly owned company.**

**Fluor Intercontinental, Inc., a for profit corporation, is owned 100% by Fluor Enterprises, Inc., a for profit corporation, which is owned 100% by Fluor Corporation, a for profit corporation and publicly traded company. Fluor Intercontinental, Inc., does not own ten percent or more of any publicly owned company.**

(D)     State the basis for asserting the claim in the division in which it was filed (or the basis of any challenge to the appropriateness of the division).  *See Local Civil Rule 3.01.*

**ANSWER:** Defendants respectfully assert that Plaintiff's claims raise nonjusticiable political questions over which this Court lacks subject matter jurisdiction. Subject to Defendants' Motion to Dismiss under Rule 12(b)(1), Defendants agree that this case is pending in the appropriate division.

(E)     Is this action related in whole or in part to any other matter filed in this District, whether civil or criminal?  If so, provide: (1) a short caption and the full case number of the related action; (2) an explanation of how the matters are related; and (3) a statement of the status of the related action.  Counsel should disclose any cases which *may be* related regardless of whether they are still pending.  Whether cases *are* related such that they should be assigned to a single judge will be determined by the Clerk of Court based on a determination of whether the cases: arise from the same or identical transactions, happenings or events; involve the identical parties or property; or for any other reason would entail substantial duplication of labor if heard by different judges.

**ANSWER:**    No.

(F)     [Defendants only.]   If the Defendant is improperly identified, give the proper identification and state whether counsel will accept service of an amended summons and pleading reflecting the correct identification.

**ANSWER:**    Not applicable.

(G)     [Defendants only.]   If you contend that some other person or legal entity is, in whole or in part, liable to you or the party asserting a claim against you in this matter, identify such person or entity and describe the basis of said liability.

**ANSWER:** At this time, Defendants do not anticipate claiming that some other person or entity is liable to Defendants or Plaintiff for civil damages. However, Defendants will argue that the Military's negligent acts and omissions proximately caused the suicide attack, and in fact were the sole proximate cause, or were an intervening, superseding, and/or new and independent cause, of the suicide bombing.

The Military's negligence included, *inter alia*—(1) granting Ahmed Nayeb access to Bagram Airfield ("BAF") with actual, direct, and exclusive knowledge of Nayeb's past Taliban affiliation; and (2) allowing Nayeb to bring explosives through one or more BAF Entry Control Points during the four months preceding Nayeb's suicide attack. Absent the Military allowing Nayeb to bring explosives into BAF, there could have been no bombing.

The Defendant(s) specifically reserve the right to supplement and/or change its Answers to these Interrogatories as discovery progresses in this case.

| | |
|---|---|
| **March 18, 2019**<br>Charleston, South Carolina | **s/ Robert H. Hood, Jr.**<br>Robert H. Hood, Jr. (6998)<br>HOOD LAW FIRM, LLC<br>172 Meeting Street / Post Office Box 1508<br>Charleston, SC  29402<br>Ph: (843) 577-4435 / Fax: (843) 722-1630<br>Email: Info@hoodlaw.com<br>　　　　AND<br>Darrell L. Barger (*pro hac vice to be filed*)<br>Adam L. Anthony (*pro hac vice to be filed*)<br>HARTLINE BARGER LLP<br>1980 Post Oak Blvd., Suite 1800<br>Houston, Texas 77056<br>(713) 759-1990 / (713) 652-2419 (Fax)<br>dbarger@hdbdlaw.com<br>aanthony@hdbdlaw.com<br>　　　　AND |

4

        J. Reid Simpson (*pro hac vice to be filed*)
        HARTLINE BARGER LLP
        800 N. Shoreline Blvd.
        Suite 2000, North Tower
        Corpus Christi, Texas 78401
        Ph (361) 866-8000 /  Fax (361) 866-8037
        rsimpson@hdbdlaw.com

        ***Attorneys for the Defendants***
        ***Fluor Corporation, Inc.; Fluor Enterprises, Inc.;***
        ***Fluor Intercontinental, Inc.; and Fluor***
        ***Government Group International, Inc.***