UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| Winston Tyler Hencely, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:19-cv-00489-BHH |
| vs. | ) | |
| | ) | |
| Fluor Corporation, Inc.; Fluor Enterprises, Inc.; Fluor Intercontinental, Inc.; Fluor Government Group International, Inc., | ) ) ) ) | **OPINION AND ORDER** |
| | ) | |
| Defendants. | ) | |

This matter is before the Court on Defendants Fluor Corporation, Inc., Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc.'s (collectively "Defendants" or "Fluor") motion to file documents under seal. (ECF No. 7.) For the reasons set forth in this order, the motion is granted in part and denied in part.

**BACKGROUND**

This suit arises from a suicide bombing on November 12, 2016 at Bagram Air Field ("BAF") in Bagram, Afghanistan. Plaintiff Tyler Hencely ("Plaintiff) asserts claims for damages he allegedly suffered after Ahmed Nayeb ("Nayeb"), an Afghan national working in Defendants' Non-Tactical Vehicle Yard at BAF detonated a suicide vest bomb in a crowd gathered for a Veterans Day event. In essence, Plaintiff asserts that Defendants' negligence allowed Nayeb to commit his suicide attack at BAF and proximately caused Plaintiff's injuries.

In their motion, Defendants seek permission from the Court to file the following documents, all exhibits to their motion to dismiss, under seal:

Exhibit 2: Basic Contract at Sec. H-19

1

Exhibit 3: Afghanistan North Task Order 0005, Performance Work Statement

Exhibit 4: Bagram Airfield Badge, Screening, and Access Policy (Dec. 5, 2015)

Exhibit 5: LOGCAP Statement of Work

Exhibit 9: Basic Contract (DFAR 225.7040)

Exhibit 13: Re: LOGCAP Security (UNCLASSIFIED)

Exhibit 20: Fluor Responses to 15-6 Questions Received Dec. 4, 2016

Exhibit 21: Fluor Responses to 15-6 Questions Received Dec. 10, 2016

Exhibit 22: Fluor Responses to 15-6 Questions Received Dec. 11, 2016

Exhibit 23: RE: APS—Recruitment/Screening/hiring of HCNs (Established Policies and Procedures)

Exhibit 24: Badge, Screening and Access Standard Operating Procedures for Bagram Airfield (Dec. 2, 2016)

Exhibit 25: Badge, Screening and Access Standard Operating Procedures for Bagram Airfield (Dec. 28, 2016)

Exhibit 28: Alliance Project Services, Security Policy, HCN Labor Support (Oct. 24, 2013)

Exhibit 29: Re: RANDOM SURVEILLANCE ACTIVITY: PARC/DPARC, Observations (Fluor HAZMAT MDC and Laundry, Waste Water Treatment)

Exhibit 31: Desktop Guide to Personnel Services (Badging & Screening) (May 18, 2010)

Exhibit 36: 15-6 Transcript of Interview with Fluor (Dec. 20, 2016)

Exhibit 46: Email, Monica Shoffeitt to Thomas L. Artioli, Nov. 14, 2016,12:35 p.m., Subj. "[Non-DoD] Source] Re: clarification."

Exhibit 48: Letter, Timothy Compton, Jr. to Steve Anderson, re: Letter of Technical Direction, LOTD FLR-17-0005-AB1-0135, Waste Management Services Under ESCAP, Nov. 16, 2016

Exhibit 49: Letter, Timothy Compton, Jr. to Steve Anderson, re: Letter of Technical Direction, LOTD FLR-17-0005-AB1-0138, provide fifty-four (54) Local Nationals for laundry services under ESCAP, Nov. 17, 2016

Exhibit 50: Delegation of Authority to Michael Biddy (Feb. 4, 2016)

(ECF No. 7 at 1–2.)

## **STANDARD OF REVIEW**

Pursuant to this District's Local Civil Rule 5.03:

(A) A party seeking to file documents under seal shall file and serve a "Motion to Seal" accompanied by a memorandum, *see* Local Civil Rule 7.04 (D.S.C.), and the attachments set forth below in (B) and (C). The memorandum shall: (1) identify, with specificity, the documents or portions thereof for which sealing is requested; (2) state the reasons why sealing is necessary; (3) explain (for each document or group of documents) why less drastic alternatives to sealing will not afford adequate protection; and (4) address the factors governing sealing of documents reflected in controlling case law. *E.g., Ashcraft v. Conoco, Inc.*, 218 F.3d 288 (4th Cir. 2000); *In re Knight Publ'g Co.*, 743 F.2d 231 (4th Cir. 1984).

(B) The motion shall be accompanied by (1) a non-confidential descriptive index of the documents at issue and (2) counsel's certification of compliance with this rule.

(C) A separately sealed attachment labeled "Confidential Information to be Submitted to Court in Connection with Motion to Seal" shall be submitted with the motion. The sealed attachment shall contain the documents at issue for the court's *in camera* review and shall not be filed. The court's docket shall reflect that the motion and memorandum were filed and were supported by a sealed attachment submitted for *in camera* review.

(D) The clerk of court shall provide public notice of the motion to seal in the manner directed by the court. Absent direction to the contrary, this may be accomplished by docketing the motion in a manner that discloses its nature as a motion to seal.

(E) No settlement agreement filed with the Court shall be sealed pursuant to the terms of this Rule.

Local Civ. R. 5.03. The Fourth Circuit Court of Appeals has set forth the following standard and procedure that must be followed before a district court can seal documents:

> In *Knight,* we explained that, while a district court "has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests," the "presumption" in such cases favors public access. *Knight,* 743 F.2d at 235; *see also* [*Stone v. Univ. of Maryland Med. Sys. Corp.,* 855 F.2d 178, 182 (4th Cir. 1988)] ("The public's right of access to judicial records and documents may be abrogated only in unusual circumstances"). Accordingly, before a district court may seal any court documents, we held that it must (1) provide public notice of the request to seal and allow interested parties a reasonable opportunity to object, (2) consider less drastic alternatives to sealing the documents, and (3) provide specific reasons and factual findings supporting its decision to seal the documents and for rejecting the alternatives. *See Knight,* 743 F.2d at 235–36; *see also Stone,* 855 F.2d at 181. These procedures "must be followed when a district court seals judicial records or documents." *Stone,* 855 F.2d at 179–80, 182.

*Ashcraft*, 218 F.3d at 302. Moreover, the strength of the public's right of access depends on the context of the judicial records and documents in question:

> The public has a qualified right of access to court documents, which derives both from common law and from the First Amendment. "The common law presumes a right to inspect and copy judicial records and documents." *Stone v. Univ. of Md. Med. Sys. Corp.*, 855 F.2d 178, 180 (4th Cir. 1988) (citing *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978)). This presumption may be rebutted, however, "if countervailing interests heavily outweigh the public interests in access." *Rushford v. New Yorker Magazine, Inc.*, 846 F.2d 249, 253 (4th Cir. 1988). The First Amendment right of access is more difficult to overcome, but applies only to certain court documents. Specifically, it applies if "the place and process have historically been open to the press and general public," and "public access plays a significant positive role in the functioning of the particular process in question." *Baltimore Sun v. Goetz*, 886 F.2d 60, 64 (4th Cir. 1989) (quoting *Press Enterprise Co. v. Superior Ct.*, 478 U.S. 1, 8–9 (1986)). If the First Amendment right of access applies, "access may be denied only on the basis of a compelling governmental interest, and only if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180.

> . . . .

> Because dispositive motions "serve[ ] as a substitute for trial," they are subject to "the more rigorous First Amendment standard." *Rushford*, 846 F.2d at 252–53; *see also Walter Kidde Portable Equip., Inc. v. Universal Sec. Instruments, Inc.*, No. 1:05CV01031, 2008 WL 451568, at *1 (M.D.N.C. Jan. 16, 2008). As a dispositive motion, Defendant's Motion to Dismiss can be sealed "only on the basis of a compelling governmental interest, and only

4

if the denial is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180.

*Taylor v. Kellog Brown & Root Servs., Inc.*, No. 2:09CV341, 2009 WL 10689733, at *1 (E.D. Va. Dec. 18, 2009).

## **DISCUSSION**

In the instant case, Defendants filed their motion to seal contemporaneously with their motion to dismiss, exhibits from which are the subjects of the request to seal. (*See* ECF Nos. 7 & 10.) Defendants argue in general terms that the exhibits contain: (1) sensitive security information not released outside of the North Atlantic Treaty Organization ("NATO"); (2) personal identification information of Fluor U.S. personnel; (3) personal identification information of U.S. and foreign nationals working in support of NATO and the Logistics Civil Augmentation Program ("LOGCAP"); (4) confidential and proprietary business practices of nonparty Alliance Project Services ("APS"); and (5) confidential and proprietary information and trade secrets of Fluor. (ECF No. 7 at 2.) Defendants' memorandum in support of the motion to seal makes only general and conclusory assertions about the reasons why sealing the documents is necessary and why less drastic alternatives to sealing will not afford adequate protection of the interests in question. (*See* ECF No. 7-1 at 2–3.)

In response, Plaintiff argues that Fluor publicly disclosed the contents of the very exhibits it seeks to seal by filing an unredacted version of the motion to dismiss on the public docket, including details from the putatively sensitive documents. (ECF No. 16 at 1–2.) Plaintiff further asserts that there is no indication that Fluor sought guidance from the U.S. military before filing the motion to dismiss, or consulted military personnel regarding which, if any, of the documents the military itself views as containing "sensitive

5

military information". (*Id.* at 2.) Moreover, Plaintiff contends that Fluor violated the Local Rules by filing its motion to seal on the day its motion to dismiss was due[1] and by failing to provide any reason why the importance of protecting specific information in any *particular* document overcomes the presumption in favor of public access, subjecting the motion to summary denial. (*Id.* at 2–3.)

In their reply, Defendants provide more detailed argument as to why particular groups of documents should be sealed. With regard to the LOGCAP contract documents—Exhibits 2, 3, and 9—Defendants assert that the U.S. government has a compelling interest in preserving military secrets and in preserving the confidentiality of LOGCAP contract materials not already divulged to the private sector. (*See* ECF No. 17 at 7–8.) As to the BAF access policies—Exhibits 4, 24, and 25—Defendants argue that they should be sealed because they explain in detail the manner in which the U.S. government choses to protect BAF and other military bases in active conflict zones. (*Id.* at 8–9.) Defendants list the sensitive subjects contained within the access policies as including, but not limited to: (1) Local National ("LN") screening and access procedures; (2) counterintelligence and Preliminary Credibility Assessment Screening System ("PCASS") protocols; (3) BAF badging criteria, responsibilities, restrictions, and processing; and (4) protocol describing where, when, and how the military escorts personnel at BAF. (*Id.* at 9.) With respect to the exhibits containing personally identifying information for deployed U.S. military personnel and other persons working in support of

---

[1] Local Civil Rule 5.03 states that approval to file documents under seal must be obtained in advance: "Absent a requirement to seal in the governing rule, statute, or order, any party seeking to file documents under seal shall follow the mandatory procedure described below. Failure to obtain *prior approval* as required by this rule shall result in summary denial of any request or attempt to seal filed documents." (emphasis added).

NATO and LOGCAP—Exhibits 13, 20–22, 29, 36, 46, and 48–50—Defendants ground their justification for sealing these documents in 10 U.S.C. § 130b ("Personnel in overseas, sensitive, or routinely deployable units: nondisclosure of personally identifying information") and in the "private interests" of persons who have not sought to place their identifying information in the public sphere, which allegedly outweigh both the common law and First Amendment right of access. (ECF No. 17 at 10–12 (citing *Guessford v. Pennsylvania Nat'l Mut. Cas. Ins. Co.*, No. 1:12CV260, 2014 WL 12594127, at *4 (M.D.N.C. Sept. 30, 2014).) As to the LOGCAP statement of work and Fluor's desktop guide—Exhibits 5 and 31—Defendants assert that: (1) the statement of work defines logistical support to U.S. Army Sustainment Command operations in Afghanistan and therefore contains sensitive/secret military information, as well as Fluor's proprietary information integral to provision of Home Country National ("HCN") labor the release of which would do irreparable harm to Fluor, including potentially compromising Fluor's competitive LOGCAP strategies; and (2) Fluor's Desktop Guide to Personnel Services (Badging & Screening) cites to and quotes from U.S. government sensitive and non-public policies, procedures, and doctrine pertaining to matters of base access control, force protection, Locally Employed Personnel (LEP), and Identity Dominance Programs, as well as Fluor's proprietary and confidential business information integral to Fluor's execution of its responsibilities under the LOGCAP statement of work. (*Id.* at 12–14 (citing *Taylor*, 2009 WL 10689733, at *2-4; *Guessford*, 2014 WL 12594127, at *4-5).)

In truth, the Court is inclined to summarily deny Fluor's motion to seal based on the haphazard and slipshod way in which this sophisticated litigant has gone about seeking to seal documents that it claims contain, *inter alia*, military secrets important to

the security of U.S. servicemembers, contractors, and foreign nationals working in support of NATO and LOGCAP. Fluor's motion did not comply with the Local Rules for timing or substance, and its reply, while an improvement, hardly does the necessary work to demonstrate a compelling government interest in prohibiting disclosure of the *broad array* of information contained in the relevant documents or to demonstrate that sealing said documents is a remedy narrowly tailored to preserve that interest. However, because the specter of military servicemembers' and contractors' in-theater safety has been raised, the Court will proceed to the merits of Fluor's sealing request. Still, it is not the Court's responsibility to explain in great detail the particulars of each of the twenty (20) documents that Fluor requests be sealed.

The motion to seal does not specifically request that the contemporaneously filed motion to dismiss itself be sealed, but to the extent that Defendants are somehow indirectly requesting that relief, the motion to seal is denied. Defendants initially requested "leave to file redacted versions of their Motion to Dismiss via the ECF filing system, without the confidential exhibits, and to submit unredacted versions of the motions and exhibits directly to chambers for in camera review." (ECF No. 7 at 2.) However, Defendants seem to have abandoned this plan when they filed the motion to seal and an unredacted version of the motion to dismiss in short succession on the public docket. After careful review of the motion to dismiss, and in light of Defendants decision to file it in unredacted form, the Court finds no compelling governmental interest that would justify sealing the motion itself.

Turning to the exhibits to the motion to dismiss—which Defendants bring pursuant to Federal Rule of Civil Procedure 12(b)(1), raising a factual challenge to the Court's

jurisdiction on the assertion that the complaint invokes non-justiciable political questions (*see* ECF No. 10 at 7)—the Court first notes that, at the appropriate time, these exhibits will be properly considered without converting the motion to dismiss into a motion for summary judgment. *See In re KBR, Inc., Burn Pit Litig.*, 744 F.3d 326, 333 (4th Cir. 2014) (stating that in deciding such a motion, "'the district court may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment'" (quoting *Velasco v. Gov't of Indon.*, 370 F.3d 392, 398 (4th Cir. 2004))). Accordingly, the First Amendment right of access applies and the exhibits may be sealed "only on the basis of a compelling governmental interest, and only if the denial [of access] is narrowly tailored to serve that interest." *Stone*, 855 F.2d at 180.

Defendants have not shown, and the Court's independent analysis does not find, a compelling governmental interest in sealing Exhibits 2, 3, 5, 9, 13, 20, 21, 22, 23, 28, 29, 46, 48, 49, or 50. In general, Fluor overstates the presence of "military secret information" and "sensitive security information" in these documents, and/or the relevant portions of the documents have already been publicly disclosed. The motion to seal is denied with respect to these Exhibits.

By contrast, the Court finds that Exhibits 4 (Bagram Airfield Badge, Screening, and Access Policy (Dec. 5, 2015)), 24 (Badge, Screening and Access Standard Operating Procedures for Bagram Airfield (Dec. 2, 2016)), 25 (Badge, Screening and Access Standard Operating Procedures for Bagram Airfield (Dec. 28, 2016)), 31 (Desktop Guide to Personnel Services (Badging & Screening) (May 18, 2010)), and 36 (15-6 Transcript of Interview with Fluor (Dec. 20, 2016)), may be properly sealed. The U.S. government

unquestionably has a compelling interest in protecting the security of its military personnel and other persons working in support of its military operations. Exhibits 4, 24, 25, 31 and 36 contain information the release of which could compromise the government's interest in force protection and the security of its in-theater operations. The Court finds that this interest outweighs the public's First Amendment right of access to these documents and that sealing the documents is the least restrictive remedy to preserving the governmental interest in question. Accordingly, the motion to seal is granted as to these Exhibits. In addition, the Court finds that Fluor's responses to Questions 8 and 9 in Exhibit 22 (Fluor Responses to 15-6 Questions Received Dec. 11, 2016) must be redacted for the same reasons, but that the entire document is not properly subject to sealing.

Defendants' alternative request to redact personally identifying information ("PII") in Exhibits 13, 20–22, 29, 36, 46, and 48–50 is granted, to the extent that such PII has not already been disclosed to the public by the filing of Defendants' motion to dismiss and the public release of the Memorandum on the Army Regulation 15-6 Investigation on the 12 November 2016 Attack on Bagram Airfield, Afghanistan (Ex. 1, Compl., ECF No. 1-1). Defendants will redact the PII that has not already been disclosed before filing these Exhibits on the publicly accessible docket.

Finally, the Court would note that if, for any reason, it is determined that the public has only a common-law right of access to the exhibits with respect to which the Court has denied the motion to seal (Exhibits 2, 3, 5, 9, 13, 20, 21, 22, 23, 28, 29, 46, 48, 49, and 50), the Court would still find that Defendants have not shown that "countervailing interests heavily outweigh the public interests in access" to those documents. *See Rushford*, 846 F.2d at 253.

## **CONCLUSION**

After careful consideration of the relevant materials and law, and for the reasons set forth above, Defendants' motion to file documents under seal (ECF No. 7) is GRANTED in part and DENIED in part, as further explained above.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

May 20, 2019
Greenville, South Carolina