**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH CAROLINA**
**GREENVILLE DIVISION**

| | |
|---|---|
| Winston Tyler Hencely, | |
| Plaintiff, | C/A No.: 6:19-cv-00489-BHH |
| v. | |
| Fluor Corporation, Inc.; Fluor Enterprises, Inc.; Fluor Intercontinental, Inc.; Fluor Government Group International, Inc., | **DEFENDANTS' OPPOSED MOTION TO STAY DISCOVERY** |
| Defendants. | |

Defendants Fluor Corporation,[1] Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc. (collectively, "Defendants" or "Fluor"), by and through their undersigned counsel and pursuant to Local Civil Rule 16.00(C) (D.S.C.), Rule 26(c) of the Federal Rules of Civil Procedure, and this Court's inherent authority, hereby move this Court to stay discovery ("Motion").[2] Defendants have moved for judgment on the pleadings based on the South Carolina Door Closing Statute, S.C. Code Ann. § 15-5-150 ("Door Closing Statute"). The Door Closing statute precludes suits, like this one, involving a foreign cause of action brought by a foreign plaintiff against a foreign corporation. *Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738, 739 (4th Cir. 1980). No discovery is necessary to resolve Defendants' Motion for Judgment on the Pleadings because it is based on facts established of record in the pleadings. (*See* ECF Nos. 57, 57-1). Good cause exists to stay discovery because it would be "highly inefficient and burdensome to require discovery preparations and planning to proceed when the entire case may

---

[1]    Fluor Corporation is incorrectly named as "Fluor Corporation, Inc."

[2]    Pursuant to Local Civil Rule 7.02 (D.S.C.), prior to filing this Motion, counsel for Defendants consulted with counsel for Plaintiff, and counsel for Plaintiff has indicated that Plaintiff opposes this Motion.

1

be decided on purely legal issues [ ] pending before th[e] Court." *Sheehan v. U.S.*, No. 5:11-CV-170, 2012 WL 1142709, at *1-2 (N.D.W. Va. Apr. 4, 2012).

## BACKGROUND AND PROCEDURAL HISTORY

1.     Plaintiff's injuries were caused by a suicide bombing committed by an Afghan Local National, Ahmad Nayeb ("Nayeb"), at Bagram Airfield in Afghanistan. Plaintiff claims that Defendants are liable for Nayeb's actions under South Carolina law.

2.     Defendants moved to dismiss this case for lack of subject matter jurisdiction under the political question doctrine. (ECF No. 10). Defendants properly raised that issue first, because "[w]ithout subject matter jurisdiction, a court has no power to decide anything except that it lacks jurisdiction." *U.S. v. Salmona*, 810 F.3d 806, 810 (11th Cir. 2016); *accord Owens-Illinois, Inc. v. Meade*, 186 F.3d 435, 442 n.4 (4th Cir. 1999) ("[Q]uestions of subject matter jurisdiction must be decided 'first, because they concern the court's very power to hear the case.'") (quoting 2 James Wm. Moore et al., *Moore's Federal Practice* § 12.30[1] (3d ed. 1998)); *Johnson v. McCall*, No. 4:08-3840-CMC-TER, 2010 WL 960335, at *1 n.1 (D.S.C. Mar. 12, 2010) ("The acts of a court which lacks subject matter jurisdiction are void.").

3.     While Defendants' jurisdictional motion to dismiss was pending, Plaintiff served voluminous discovery requests pertaining to the alleged merits of his claims. (*See* ECF No. 36-1 (Plaintiff's Discovery)). Plaintiff's discovery seeks a vast array of irrelevant financial matters, private compensation information, cost estimates and the like, employee communications, and communications to and from a Fluor in-house lawyer, among a myriad of other subjects. *See id.*

4.     The Court denied Defendants' motion to dismiss. (ECF No. 52). Defendants then timely answered Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure,

which established on the face of the pleadings that each of the Defendants is a corporation formed and organized under the laws of a foreign jurisdiction. (ECF No. 54 at ¶¶ 42, 47, 56, 63).

5.      Defendants have now moved for judgment on the pleadings under the Door Closing Statute. (ECF Nos. 57, 57-1). No discovery is necessary to resolve Defendants' Motion for Judgment on the Pleadings because it seeks dismissal based solely on the pleadings pursuant to a clear and well-established statute. *Id.* Defendants therefore move this Court to stay discovery under Local Civil Rule 16.00(C) (D.S.C.), Rule 26(c) of the Federal Rules of Civil Procedure, and this Court's inherent authority.[3]

## ARGUMENT

Under Rule 26(c), a district court may issue a protective order that regulates the terms, conditions, timing, and/or place of discovery in order to protect a party from annoyance, oppression, or undue burden or expense. *See* Fed. R. Civ. P. 26(c); *see also Ryan v. Gonzales*, 568 U.S. 57, 73–74 (2013); *Pro Billiards Tour Ass'n, Inc. v. R.J. Reynolds Tobacco Co.*, 187 F.R.D. 229, 230 (M.D.N.C. 1999). District courts have broad discretion to decide when to grant a protective order and what degree of protection to impose. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984); *see also* Fed. R. Civ. P. 26(c).

Defendants seek a complete stay of discovery pending resolution of their Rule 12(c) Motion for Judgment on the Pleadings. The Local Civil Rules for this district authorize Defendants' request:

---

[3]      While Defendants recognize that discovery has already been stayed once, (ECF No. 37), Defendants' Motion for Judgment on the Pleadings is grounded in an entirely different legal basis than Defendants' jurisdictional motion to dismiss. Moreover, Defendants' Motion for Judgment on the Pleadings, which established for the first time Defendants' respective states of incorporation (a key consideration under the Door Closing Statute), could not have been properly filed until after the pleadings were closed on June 15, 2020. (*See* FRCP 12(c); *see also* ECF No. 54).

> *Stay of Deadlines and Entry of Scheduling Orders.* The court may stay entry of the scheduling order(s) and all federal and local civil rule disclosure and conference requirements pending resolution of a motion to remand or to dismiss or other dispositive motion. Any party desiring a stay on this basis shall file a separate motion to stay. No consultation or separate memorandum is required.

Local Civil Rule 16.00(C) (D.S.C.).

Fourth Circuit authority confirms that staying discovery is appropriate when a defendant seeks dismissal on the pleadings or on some other purely legal issue for which no discovery is necessary. *See Thigpen v. U.S.*, 800 F.2d 393, 396-97 (4th Cir. 1986), *overruled on other grounds by Sheridan v. U.S.*, 487 U.S. 392 (1988); *Biricik v. Zwifelhofer*, No. 7:14-CV-00067-BR, 2014 WL 12774812, at *1-2 (E.D.N.C. June 9, 2014); *Rowe v. Citibank N.A.*, No. 5:13-21369, 2015 WL 1781559, at *1-2 (S.D.W. Va. Apr. 17, 2015); *Tilley v. U.S.*, 270 F. Supp. 2d 731, 734 (M.D.N.C. 2003); *Cuyler v. Dep't of Army*, No. 3:08-3261-CMC-JRM, 2009 WL 1749604, at *2 (D.S.C. June 22, 2009); *Naef v. Wells Fargo Home Mortg.*, No. 7:10-CV-163-FL, 2010 WL 5055990, at *1-2 (E.D.N.C. Dec. 3, 2010). Postponing discovery in this situation is within the Court's sound discretion because such a procedure is an "eminently logical means to prevent wasting the time and effort of all concerned, and to make the most efficient use of judicial resources." *Coastal States Gas Corp. v. Dep't of Energy*, 84 F.R.D. 278, 282 (D.C. Del. 1979) (citing *Westminster Investing Corp. v. G.C. Murphy Co.*, 434 F.2d 521, 526 (D.C. Cir. 1970)); *accord Sheehan*, 2012 WL 1142709, at *1-2 (stay warranted "when the entire case may be decided on purely legal issues [ ] pending before th[e] Court.").

Alternatively, when considering whether to grant protection under Rule 26(c) and stay discovery, courts generally balance the burden of proposed discovery against any alleged benefit. The party seeking protection should "come forward with a specific factual showing that the interest of justice and considerations of prejudice and undue burden to the parties require a protective order and that the benefits of the stay outweigh the cost of delay." *Wilson v. Slager*, No. 2:15-cv-02170-

4

DCN, 2016 WL 1253179, at *3 (D.S.C. Mar. 31, 2016). Specific factors for the Court to consider include:

> (1)     The breadth of discovery and burden of responding to it;
>
> (2)     The risk of unfair prejudice to a party opposing the stay;
>
> (3)     The nature and complexity of the action;
>
> (4)     The posture or stage of the litigation; and
>
> (5)     Any other relevant circumstances.

*See Herring v. Lapolla Indus., Inc.*, No. 2:12-cv-02705-RMG, 2013 WL 12148769, at *1 (D.S.C. Aug. 30, 2013). The balance of these factors favors a stay of discovery.

Plaintiff's discovery requests are highly burdensome on their face. (*See* ECF No. 36-1 (Plaintiff's Discovery)). The burden that Plaintiff's discovery poses is undue because discovery is unnecessary to adjudicate Defendants' Motion for Judgment on the Pleadings. (*See id.*, *and compare* ECF No. 57-1).

Protecting Defendants from Plaintiff's discovery will not pose any unfair prejudice. The Court has not entered a scheduling order in this case, and as noted, Plaintiff's discovery is irrelevant to the facts needed for this Court to conduct a Door Closing Statute analysis. Defendants seek dismissal on the face of the pleadings, based on the citizenship of the parties and Plaintiff's alleged claims. (ECF Nos. 57, 57-1).

Defendants' motion is not complex, but responding to Plaintiff's voluminous discovery will be both onerous and logistically complex, requiring—*inter alia*—an international document and custodian search. (*See* ECF Nos. 36-1, 36-2, 36-3). The significant burden posed by Plaintiff's discovery is undue because Defendants' Motion for Judgment on the Pleadings is meritorious and,

if granted, it will dispose of all claims in this case.[4] "If discovery is not stayed and if [Defendants'] motion to dismiss is granted, [Plaintiff's] voluminous discovery in this case would be wasteful and inefficient." *See Cleveland Constr., Inc. v. Schenkel & Schultz Architects, P.A.*, No. 3:08-CV-407-RJC-DCK, 2009 WL 903564, at \*2 (W.D.N.C. Mar. 31, 2009); *accord Sheehan*, 2012 WL 1142709, at \*1; *Coastal States Gas Corp.*, 84 F.R.D. at 282. And reasonably "[a]ssuming that [the] motion to dismiss will be ruled on in the near future, [Defendants'] request for a brief stay is entirely reasonable under these circumstances" and at the present stage of this proceeding. *Cleveland Constr.*, 2009 WL 903564, at \*2.

The foregoing facts and authority fully support both a stay of discovery generally, and protection from Plaintiff's discovery requests already served in this case. *See id.*; *see also* Fed. R. Civ. P. 26(c), and Local Civil Rule 16.00(C) (D.S.C.).

**CONCLUSION**

Federal Rule of Civil Procedure 26(c) and Local Civil Rule 16.00(C) (D.S.C.) authorize this Court to stay discovery pending the resolution of Defendants' Motion for Judgment on the Pleadings. Such a stay is an appropriate exercise of Rule 26(c) discretion, and no discovery is necessary to resolve Defendants' Motion for Judgment on the Pleadings. (ECF No. 57). A brief stay of discovery—including protection from Plaintiff's pending discovery requests—will not pose undue prejudice to the Plaintiff.

---

[4]    Assuming any of Plaintiff's claims survive Defendants' Motion for Judgment on the Pleadings, which Defendants respectfully submit they should not, the scope of discovery will almost certainly be affected by any ruling except for an outright denial of Defendants' Motion for Judgment on the Pleadings.

Therefore, based on the foregoing, Defendants respectfully request that the Court grant this Motion and stay discovery until the Court issues a ruling on Defendants' Motion for Judgment on the Pleadings.

Respectfully submitted,

NEXSEN PRUET, LLC

s/William W. Wilkins

William W. Wilkins, Fed. ID No. 4662
Andrew A. Mathias, Fed. ID No. 10166
Konstantine P. Diamaduros, Fed. ID No. 12368
55 E. Camperdown Way, Suite 400 (29601)
Post Office Box 10648
Greenville, South Carolina 29603-0648
Telephone: 864.370.2211
Facsimile: 864.282.1177
BWilkins@nexsenpruet.com
AMathias@nexsenpruet.com
KDiamaduros@nexsenpruet.com

HARTLINE BARGER LLP

Darrell L. Barger (*admitted pro hac vice*)
1980 Post Oak Blvd.
Suite 1800
Houston, Texas 77056
Telephone: 713.759.1990
Facsimile: 713.652.2419
dbarger@hartlinebarger.com

J. Reid Simpson (*admitted pro hac vice*)
800 N. Shoreline Blvd.
Suite 2000, North Tower
Corpus Christi, Texas 78401
Telephone: 361.866.8000
Facsimile: 361.866.8039
rsimpson@hartlinebarger.com

*Attorneys for Defendants Fluor Corporation, Inc., Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc.*

June 23, 2020
Greenville, South Carolina

7