UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| Winston Tyler Hencely, ) | |
| ) | |
| Plaintiff, ) | Civil Action No. 6:19-cv-00489-BHH |
| vs. ) | |
| ) | |
| Fluor Corporation, Inc.; Fluor Enterprises, ) | **OPINION AND ORDER** |
| Inc.; Fluor Intercontinental, Inc.; Fluor ) | |
| Government Group International, Inc., ) | |
| ) | |
| Defendants. ) | |

This matter is before the Court on Defendants Fluor Corporation,[1] Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc.'s (collectively "Defendants" or "Fluor") Federal Rule of Civil Procedure 12(c) motion for judgment on the pleadings (ECF No. 57). For the reasons set forth in this Order, the motion is denied. Fluor's related motion to stay discovery (ECF No. 58) pending the outcome of its Rule 12(c) motion is also denied.

## BACKGROUND

This suit arises from a suicide bombing on November 12, 2016 at Bagram Air Field ("BAF"), a United States Military installation in Bagram, Afghanistan. Plaintiff Tyler Hencely ("Plaintiff"), a Specialist (E-4) in the United States Army, asserts claims for grievous injuries he suffered when Ahmed Nayeb ("Nayeb"), an Afghan national working in Fluor's Non-Tactical Vehicle Yard at BAF, detonated a suicide vest bomb in a crowd gathered for a Veterans Day event. Plaintiff asserts claims for negligent supervision

---

[1] Defendants state that Fluor Corporation is incorrectly named as "Fluor Corporation, Inc." in the complaint. (*See* ECF No. 57 at 1 n.1.)

1

(Count 1), negligent entrustment (Count 2), negligent retention (Count 3), vicarious liability (Count 4), negligent control (Count 5), and breach of contract (Count 6). (ECF No. 1 at 66–77.) In essence, Plaintiff alleges that Defendants' negligence and breach of contractual duties allowed Nayeb to commit his suicide attack at BAF and proximately caused Plaintiff's injuries. Defendants contend that the South Carolina Door Closing Statute, S.C. Code Ann. § 15-5-150, bars this action because Plaintiff is not a South Carolina resident, Defendants are all foreign corporations, and all of Plaintiff's causes of action arise out of alleged acts that occurred in Afghanistan. (*See* ECF No. 57.)

Defendants filed their Rule 12(c) motion for judgment on the pleadings on June 19, 2020. (*Id.*) Plaintiff responded on July 2, 2020 (ECF No. 65), and Defendants replied on July 9, 2020 (ECF No. 67). Defendants also moved to stay discovery pending the resolution of the Rule 12(c) motion (*see* ECF No. 58), but that request is no longer relevant given the Court's resolution of the Door Closing Statute issue herein. These matters are ripe for consideration and the Court now issues the following ruling.

## **STANDARD OF REVIEW**

"After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). Rule 12(c) motions are designed to "dispose of cases in which there is no substantive dispute that warrants the litigants and the court proceeding further." *Fowler v. State Farm Mut. Auto. Ins. Co.*, 300 F. Supp. 3d 751, 755 (D.S.C. 2017). Judgment on the pleadings is only appropriate where "'the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law.'" *Id.* at 755–56 (quoting *Lewis v. Excel Mech., LLC*, No. 2:13-CV-281-PMD, 2013 WL 4585873, at *2 (D.S.C. Aug.

28, 2013)).

## DISCUSSION

Fluor's Rule 12(c) motion is premised on the assertion that Plaintiff's complaint fails to state a plausible claim for relief under South Carolina law because the action is barred by Section 15-5-150 of the South Carolina Code, which is commonly referred to as the state's "Door Closing Statute."

> Section 15-5-150 opens the South Carolina state courts to two types of suits against foreign corporations: (1) by any resident for any cause of action; and (2) by a nonresident for any cause of action that arose within South Carolina. By implication, and by interpretation of the South Carolina Supreme Court, the statute closes the doors of South Carolina's courts for suits . . . involving a foreign cause of action brought by a foreign plaintiff against a foreign corporation.

*Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738, 739 (4th Cir. 1980). Fluor states that Plaintiff is a citizen and resident of the State of Georgia, that Defendants are all foreign corporations, and that Plaintiff's causes of action arise out of alleged acts that occurred in Afghanistan. (*See* ECF No. 57-1 at 2.)

The Door Closing Statute "prevents a nonresident of South Carolina from bringing suit against a foreign corporation in the state courts of South Carolina unless the cause of action arises in the state or the subject of the action is situated in the state." *Smith v. Mack Trucks, Inc.*, 991 F.2d 791 (Table), at *1 (4th Cir. 1993). This Court has previously stated that there are three judicially recognized purposes of the Door Closing Statute, namely:

> • It favors resident plaintiffs over nonresident;
> • It provides a forum for wrongs connected with the state while avoiding the resolution of wrongs in which the state has little interest;
> • It encourages activity and investment within the state by foreign corporations without subjecting them to actions unrelated to their activity within the state.

3

*Boisvert v. Techtronic Indus. N. Am., Inc.*, 56 F. Supp. 3d 750, 753 n.1 (D.S.C. 2014) (citing *Murphy v. Owens–Corning Fiberglas Corp.*, 356 S.C. 592, 590 S.E.2d 479, 481 (2003)). "[A] South Carolina federal court exercising diversity jurisdiction 'must apply § 15-5-150 unless there are affirmative countervailing federal considerations.'" *Id.* at 752 (quoting *Rollins*, 634 F.2d at 739). The Fourth Circuit has recognized three countervailing federal considerations: "(1) the purpose in the grant of diversity jurisdiction of avoiding discrimination against nonresidents; (2) the policy of encouraging a state to enforce the laws of its sister states; and (3) the fact that South Carolina was the only state in the country in which [the plaintiff could gain full relief]." *Rollins*, 634 F.2d at 740; *see also Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 65–66 (4th Cir. 1965) (outlining relevant federal considerations and holding that the Door Closing Statute did not restrict jurisdiction of South Carolina federal court over Delaware airplane manufacturing corporation, which was sued in diversity action by residents of Illinois on a theory of negligent manufacture and design, where airplane crashed in Tennessee but was serviced in South Carolina).

The Court finds that the Door Closing Statute does not bar jurisdiction over the instant action in this Court for two reasons. **First**, the contract ("LOGCAP IV contract") which forms the basis of Plaintiff's breach of contract claim and serves as the source of various duties that Fluor is alleged to have breached in Plaintiff's other claims, was centrally administered from Fluor's corporate offices in Greenville, South Carolina. *Snell v. Golden Rule Ins. Co.*, No. 6:08-3555-MHM, 2009 WL 185723, at *2 (D.S.C. Jan. 23, 2009) ("[W]hen a contract is involved, the question for purposes of the door-closing

4

statute is whether the contract was made or was to be performed in South Carolina."); (*see also* Ex. 5 to Pl.'s Resp. to Defs.' Mot. for J. on the Pleadings, ECF No. 65-6 at 3, 8 (declaration of Fluor's Executive Director of Corporate Security referenced in *Int'l Sec. & Def. Mgmt., LLC v. Fluor Intercontinental, Inc.*, No. B243384, 2013 WL 4761107 (Cal. Ct. App. Sept. 5, 2013)—describing, in paragraphs 2 and 20, Fluor's Greenville, South Carolina office as its "principal place of business" and its "U.S. base of operations" for activities related to the LOCGAP contract)). Although Nayeb carried out his suicide bombing in Afghanistan, the LOGCAP IV contract that established Fluor's duties to the U.S. military at BAF and established the scope of Fluor's responsibilities vis-à-vis its employees was negotiated, entered into, and administered in Fluor's Greenville corporate headquarters. Thus, substantial portions of Plaintiff's action arose within South Carolina and the Door Closing Statute does not apply to bar jurisdiction. *See Smith v. Mack Trucks, Inc.*, 991 F.2d 791 (Table), at *1 (4th Cir. 1993).

Fluor contends the general principle that formation of a contract within a state opens the door to lawsuits regarding the contract in that state should not apply here because the LOGCAP IV contract was only "formed" when the U.S. Government *accepted* Fluor's bid and *awarded* the contract from Rock Island, Illinois. (*See* ECF No. 67 at 3–4.) The precise point of formation is superfluous. Fluor does not—and could not—dispute that significant portions of the LOGCAP IV contract, including oversight and management of Fluor's operations at BAF, were performed in South Carolina. The fact that the alleged breaches of Fluor's contractual duties took place in Afghanistan is also immaterial. Fluor cites no authority for the proposition that when a contract is to be performed in *both* South Carolina *and* another location, the Court must disambiguate

5

distinct contractual duties and match them to precise tortious conduct in order to determine which side of the Door Closing line the lawsuit falls upon. Rather, where it is clear the contract at issue "was to be performed in South Carolina"—at least in substantial part—the statute does not apply to bar jurisdiction. *See Snell*, 2009 WL 185723, at *2.

**Second**, even if it were true that the Door Closing Statute operated to bar Plaintiff's lawsuit, South Carolina may well be the only forum where Plaintiff's claims can be heard and where he can obtain "full relief," thus providing a countervailing federal interest to dismissal. *See Bumgarder v. Keene Corp.*, 593 F.2d 572, 573 (4th Cir. 1979) (affirming dismissal under South Carolina Door Closing Statute because plaintiff could in fact obtain full relief in North Carolina); *Szantay*, 349 F.2d at 65–66 (establishing the non-availability of another viable forum as a countervailing federal interest as against strict application of the Door Closing Statute). In its motion for judgment on the pleadings, Fluor suggests four alternate states in which Plaintiff "could have brought this action," including Georgia, Texas, Delaware, and California. (*See* ECF No. 57-1 at 4.) Fluor's stated bases for listing those states as alternative forums are: (1) Georgia is Plaintiff's home state; (2) litigation related to the same suicide bombing at issue in the instant case is also pending in Texas federal district court; (3) various Fluor entities are incorporated in either Delaware or California. (*See id.*) However, there is little doubt that Fluor would vigorously contest jurisdiction in each of the four states that it asserts are more appropriate forums.

In *Int'l Sec. & Def. Mgmt., LLC v. Fluor Intercontinental, Inc.*, Fluor successfully argued to a California court that it should dismiss a case arising out of LOGCAP IV activities based on a *forum non conveniens* theory, because the contract was administered out of Fluor's office in Greenville, because that is where Fluor trained its

6

personnel prior to deployment to Afghanistan, and because the bulk of Fluor's relevant witnesses would be located in South Carolina. *See* 2013 WL 4761107, at *7 (Cal. Ct. App. Sept. 5, 2013). Fluor would almost certainly raise similar challenges to Plaintiff's lawsuit if he pled his causes of action in California, Delaware, or Georgia—states that have no connection whatsoever to the events in question—and likely challenge the personal jurisdiction of courts in Georgia as well. It is telling that when Plaintiff, during the pendency of the current motion and based upon Fluor's representation that more appropriate forums exist to test Plaintiff's claims, asked whether Fluor would agree to transfer this case to Georgia and to not challenge subject matter jurisdiction or personal jurisdiction upon transfer: *Fluor refused*. (*See* Ex. 7 to Pl.'s Resp. to Defs.' Mot. for J. on the Pleadings, ECF No. 65-8 at 2 (July 1, 2020 email from Fluor's counsel to Plaintiff's counsel indicating that Fluor would not consent to transfer this case to the U.S. District Court for the Middle District of Georgia, Macon Division).) If courts in California, Delaware, and Georgia determine they lack jurisdiction over Plaintiff's claims or the parties, or conclude *again* that South Carolina is a more convenient forum, then Plaintiff could not proceed with his claims there and obtain "full relief."

Furthermore, it is certain that Fluor would challenge subject matter jurisdiction in Texas. In a parallel case pending in Texas, where the plaintiffs are seeking damages from Fluor for deaths and injuries suffered by soldiers in the same bombing that injured Mr. Hencely, Fluor has already argued that the federal district court lacks subject matter jurisdiction over the plaintiffs' claims. *See Loquasto et al. v. Fluor Corp., Inc. et al.*, No. 3:19-cv-01455, Doc. 45 (N.D. Tx. March 23, 2020) (Fluor's Rule 12(b)(1) renewed motion to dismiss for lack of subject matter jurisdiction under the political question doctrine and,

7

alternatively, Rule 56 motion for summary judgment under 28 U.S.C. § 2680(j) (combatant activities preemption)). In addition to making the same arguments for dismissal pursuant to the political question doctrine that this Court has resolved in Plaintiff's favor, Fluor has attempted to distinguish this Court's ruling because Texas law allows for apportionment of fault to non-parties who are immune from suit, while South Carolina law does not. *See id.*, Doc. 62 at 1 ("The [*Hencely*] court held that Fluor's causation defense did not raise political questions because it determined that Fluor could not submit the Military for negligence apportionment under South Carolina law. The same is not true in this case because the governing law is fundamentally different. Should [p]laintiffs' claims proceed to trial, the trier of fact will have to apportion and compare the Military's responsibility because the Military is a responsible third party." (citations omitted)). Fluor would, no doubt, raise the same arguments if Plaintiff's claims were pending in either Georgia or California, because both states also allow apportionment to immune non-parties. *See DaFonte v. Up-Right, Inc.*, 828 P.2d 140, 141, 147 (Cal. 1992) (finding non-party employer, who was statutorily immune from suit, could be apportioned fault); *Zaldivar v. Prickett*, 774 S.E.2d 688, 695 (Ga. 2015) ("[T]he apportionment statute permits consideration, generally speaking, of the 'fault' of a tortfeasor, notwithstanding that he may have a meritorious affirmative defense or claim of immunity against any liability to the plaintiff."). *Contra. Kotowski v. A. C. & S. Co.*, No. CIV. A. 86C-JN-50, 1990 WL 81859, at *2 (Del. Super. Ct. June 6, 1990) (stating that the apportionment of liability among joint tortfeasors pursuant to relevant Delaware statute did not apply to statutorily immune, non-party employer). All of which is to say, that Fluor's request for judgment on the pleadings seems designed to box Plaintiff into supposed alternative forums where Plaintiff could not

8

in fact obtain "full relief." The Court does not fault Fluor for its zealous procedural advocacy, but simply finds that the countervailing federal interest of preserving the one forum in which Plaintiff *can* obtain "full relief" weighs against application of the Door Closing Statute to bar Plaintiff's claims.

Moreover, considering the previously mentioned purposes of the Door Closing Statute, the Court finds that those purposes do not counsel toward dismissal of the instant lawsuit. While it is true that Mr. Hencely is a nonresident plaintiff, it is also true that the wrongs of which he complains *are* connected with and related to Fluor's military contracting activities within the State of South Carolina. *See Boisvert*, 56 F. Supp. 3d at 753 n.1. Thus, South Carolina has an interest in providing a forum for resolution of those alleged wrongs and there is no evidence that maintenance of the suit here would discourage activity and investment within the State by foreign corporations by subjecting them to actions unrelated to their activity in South Carolina. *See id.*

Given its resolution of the questions central to the Door Closing Statute analysis, the Court finds it unnecessary to address the parties' contentions regarding Fluor's waiver *vel non* of the ability to raise this lack of capacity defense at the current stage of these proceedings, as well as the question of whether the Door Closing Statute continues to apply in federal court after the South Carolina Supreme Court's decision in *Farmer v. Monsanto Corp.*, 579 S.E.2d 325 (S.C. 2003). Likewise, because Fluor's pending motion to stay discovery (ECF No. 58) is entirely premised on the assertion that the burden of responding to Plaintiff's recent discovery requests would prove unnecessary and wasteful if the Court were rule in Fluor's favor on the Rule 12(c) motion, the motion to stay discovery is now moot. Accordingly, the parties' submissions on the motion to stay do not

require discussion and the motion is denied.

## CONCLUSION

For the reasons set forth above, Defendants' Rule 12(c) motion for judgment on the pleadings (ECF No. 57) and motion to stay discovery (ECF No. 58) are both DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

July 29, 2020
Greenville, South Carolina

10