UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Winston Tyler Hencely, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 6:19-cv-00489-BHH |
| vs. | ) | |
| | ) | |
| Fluor Corporation; Fluor Enterprises, Inc.; | ) | **OPINION AND ORDER** |
| Fluor Intercontinental, Inc.; Fluor | ) | |
| Government Group International, Inc., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

This matter is before the Court on Defendants Fluor Corporation, Fluor Enterprises, Inc., Fluor Intercontinental, Inc., and Fluor Government Group International, Inc.'s (collectively "Defendants" or "Fluor") Federal Rule of Civil Procedure 59(e) motion for reconsideration of the Court's Order (ECF No. 78) denying Defendants' motion for judgment on the pleadings, or in the alternative, to certify the Order for interlocutory appeal pursuant to 28 U.S.C. § 1292(b). (ECF No. 79.) For the reasons set forth below, the motion is denied.

**BACKGROUND**

The Court assumes familiarity with the factual basis underlying Plaintiff Winston Tyler Hencely's ("Plaintiff") claims, as that factual basis has been set forth in detail in the Court's prior Orders. (*See* ECF Nos. 52, 78.) Defendants filed their Rule 59(e) motion for reconsideration on August 7, 2020. (ECF No. 79.) Plaintiff responded on August 13, 2020 (ECF No. 80), and Defendants replied on August 19, 2020 (ECF No. 82). The motion for reconsideration of the Court's July 29, 2020 Order is ripe for consideration and the Court now issues the following ruling.

1

## **STANDARD OF REVIEW**

**Federal Rule of Civil Procedure 59(e)**

"In general, 'reconsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly.'" *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright et al., *Federal Practice and Procedure* § 2810.1, at 124 (2d ed. 1995)). Such a motion is not a vehicle to re-argue issues previously presented or to express mere disagreement with the Court in a pitch to change its mind. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *Hutchinson v. Staton*, 994 F.2d 1076, 1081–82 (4th Cir. 1993). Rather, the Fourth Circuit has directed that Rule 59(e) relief may only be granted "in very narrow circumstances: '(1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice.'" *Hill v. Braxton*, 277 F.3d 701, 708 (4th Cir. 2002) (quoting *Collison v. Int'l Chem. Workers Union*, 34 F.3d 233, 236 (4th Cir. 1994)).

**28 U.S.C. § 1292(b)**

Section 1292(b) provides a mechanism by which litigants can appeal a non-final order upon consent of both the district court and the court of appeals. *Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 623 (D. Md. 2013) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982)). Certification by a district court under section 1292(b) is appropriate only if the order (1) involves a controlling question of law (2) as to which there is substantial ground for difference of opinion and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *Michelin N. Am., Inc. v. Inter City Tire & Auto Ctr., Inc.*, C.A. No. 6:13-1067-HMH, 2013 WL 5946109, at *2

(D.S.C. Nov. 6, 2013) (citing *Kennedy v. St. Joseph's Ministries, Inc.*, 657 F.3d 189, 195 (4th Cir. 2011)). An interlocutory appeal is an "extraordinary remedy" that should be granted only in "exceptional circumstances where early appellate review would avoid a protracted and expensive litigation process." *Id.* (internal quotation marks and citations omitted). Accordingly, section 1292(b) certifications "'should be used sparingly and . . . its requirements must be strictly construed.'" *Id.* (quoting *Myles v. Laffitte*, 881 F.2d 125, 127 (4th Cir. 1989)).

## DISCUSSION

**Reconsideration**

Fluor's motion does not identify any intervening change in controlling law or any new evidence that would provide a basis for reconsideration under Rule 59(e). (*See* ECF No. 79-1.) Rather, the asserted basis for reconsideration is that the Court committed clear legal error when it found that the South Carolina Door Closing Statute does not bar some or all claims in this action. (*See id.* at 3–7.) For the following reasons, the Court finds that Fluor has not shown that the Court committed clear error and reconsideration is not warranted.

First, Fluor argues that the Court's July 29, 2020 Order "renders the Door Closing Statute toothless in primarily tort actions when a single breach of contract claim is alleged, even where a plaintiff clearly lacks standing, as long as the contract has a tenuous connection to South Carolina." (*Id.* at 2; *see also* 3–4 (reasserting arguments from motion for judgment on the pleadings that the Door Closing Statute applies because Plaintiff is a Georgia resident, Defendants are foreign corporations, and Plaintiff's claims arise out of a suicide bombing attack in Afghanistan).) However, it is not true that the LOGCAP IV

3

contract has a "tenuous" connection to South Carolina, or to Plaintiff's tort claims for that matter. Rather, this multi-billion-dollar U.S. Department of Defense contract was negotiated, entered into (at least by Fluor's representative), and centrally administered from Fluor's headquarters in Greenville, South Carolina. Without the LOGCAP IV contract, Fluor would not have been at Bagram Airfield ("BAF") at the time of the suicide bombing, would not have been performing the very contractor operations at BAF that are the subject of the alleged acts and omissions forming the basis of Plaintiff's claims, and would not have had the duties to reasonably supervise, retain, and control employees aboard BAF that Plaintiff alleges Fluor had. Accordingly, Fluor's first line of argument is insufficient to warrant reconsideration because it fails to show that the Court committed clear error.

Second, Fluor argues the Court's July 29, 2020 Order "perplexingly creates a novel 'full relief' requirement that has ***never*** before been considered a relevant countervailing federal consideration in the Door Closing Statute context." (*Id.* 79-1 at 2 (emphasis in original).) At the outset, the Court would note that its primary finding was: "[S]ubstantial portions of Plaintiff's action *arose within* South Carolina and the Door Closing Statute does not apply to bar jurisdiction." (*See* ECF No. 78 at 5 (emphasis added).) Thus, Defendants motion for judgment on the pleadings based on the Door Closing Statute could have been denied without reference to any "countervailing federal considerations," which apply to prevent dismissal even where application of the Door Closing Statute *does* bar jurisdiction. (*See id.* at 6 ("*[E]ven if it were true that the Door Closing Statute operated to bar Plaintiff's lawsuit,* South Carolina may well be the only forum where Plaintiff's claims can be heard and where he can obtain 'full relief,' thus providing a countervailing federal

4

interest to dismissal." (emphasis added)).) Even so, the Court disagrees that it erroneously created a new "full relief" requirement, and Defendant has not demonstrated that the Court committed clear error in this regard.

The section of the July 29, 2020 Order referenced by this argument reads as follows:

> "[A] South Carolina federal court exercising diversity jurisdiction 'must apply § 15-5-150 unless there are affirmative countervailing federal considerations.'" [*Boisvert v. Techtronic Indus. N. Am., Inc.*, 56 F. Supp. 3d 750, 752 (D.S.C. 2014)] (quoting [*Proctor & Schwartz, Inc. v. Rollins*, 634 F.2d 738, 739 (4th Cir. 1980)]). The Fourth Circuit has recognized three countervailing federal considerations: "(1) the purpose in the grant of diversity jurisdiction of avoiding discrimination against nonresidents; (2) the policy of encouraging a state to enforce the laws of its sister states; and (3) the fact that South Carolina was the only state in the country in which [the plaintiff *could gain full relief*]." *Rollins*, 634 F.2d at 740; *see also Szantay v. Beech Aircraft Corp.*, 349 F.2d 60, 65–66 (4th Cir. 1965) (outlining relevant federal considerations and holding that the Door Closing Statute did not restrict jurisdiction of South Carolina federal court over Delaware airplane manufacturing corporation, which was sued in diversity action by residents of Illinois on a theory of negligent manufacture and design, where airplane crashed in Tennessee but was serviced in South Carolina).

(ECF No. 78 at 4 (emphasis added).) The section of the *Rollins* case from which the Court was quoting, in turn, reads as follows:

> In refusing to apply the "door-closing" statute in *Szantay*, this court noted several countervailing federal considerations: (1) the purpose in the grant of diversity jurisdiction of avoiding discrimination against nonresidents; (2) the policy of encouraging a state to enforce the laws of its sister states; and (3) the fact that South Carolina was the only state in the country *in which the two defendants could be joined*.

634 F.2d at 740 (emphasis added). The *Rollins* court went on to explain that "[o]f the three countervailing federal considerations noted in *Szantay*, the third was the most crucial[,]" stating:

> This court recognized as much in *Bumgarder v. Keene Corporation*, 593 F.2d 572 (4th Cir. 1979). In that case the plaintiff was a resident of North

5

> Carolina, where the injury occurred. The defendants were foreign corporations. Refusing to apply the *Szantay* analysis "(b)ecause there was an alternate forum to the South Carolina court where Bumgarder *could gain full relief*," this court affirmed the dismissal of the complaint in light of the "door-closing" statute.

*Id.* (emphasis added).

Of course, in restating the "countervailing federal considerations" recognized by the Fourth Circuit in the *Rollins* case, the Court could not simply cut and paste the language of the third consideration because the language—"in which the two defendants could be joined"—is specific to the facts at issue in *Szantay*, and not applicable to the instant case. *See Szantay*, 349 F.2d at 66 (explaining that the plaintiff's choice of a South Carolina forum was not frivolous because one of the defendants could be served only in that state, there is a federal policy to encourage efficient joinder in multi-party actions, and "if the plaintiffs had brought suit against [the nonresident corporate defendant] alone in the federal forum where the accident occurred, the District Judge there would have been free to transfer the case to a South Carolina District Court pursuant to the federal doctrine of forum non conveniens . . . even though South Carolina law denies the plaintiffs access to its state courts"). Moreover, in citing *Bumgarder* for the proposition that the third countervailing federal consideration was the most crucial to the decision in *Szantay*, the *Rollins* opinion does not offer much assistance in understanding the scope of this consideration, given that the *per curiam* decision in *Bumgarder* is all of seven sentences long. *See Bumgarder*, 593 F.2d 572 (barring an asbestosis action under the Door Closing Statute where the plaintiff, a nonresident, could have maintained his suit in North Carolina, the place where he lived, worked, and was exposed to asbestos).

By using the phrase "could gain full relief" to flesh out the contours of the third

6

countervailing federal consideration itemized in *Rollins*, the Court sought not to introduce a novel requirement into the *Szantay* balancing equation, but rather to avoid sanctioning the *pro forma* exercise of requiring Plaintiff to refile his claims in an alternate "available forum," only to have the refiled suit rejected on a forum non conveniens theory or for lack of subject matter jurisdiction. (*See* ECF No. 78 at 6–9.) It bears repeating, however, that the Court could have, *and would have*, denied Fluor's motion for judgment on the pleadings without reaching *Szantay*'s countervailing federal considerations analysis because the Door Closing Statute does not apply to bar jurisdiction under the specific facts and circumstances of this case. Accordingly, Defendants' Rule 59(e) motion does not satisfy the relevant standard for reconsideration and the motion is denied.

**Interlocutory Appeal**

In the alternative to reconsideration, Fluor asks the Court to certify the July 29, 2020 Order for interlocutory review under § 1292(b). (ECF No. 79-1 at 7–11.) Such certification is only appropriate if an order (1) involves a controlling question of law, (2) as to which there is substantial ground for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation. *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*, No. CV 6:15-MN-2613-BHH, 2016 WL 7320864, at *3 (D.S.C. July 18, 2016). The Court finds that the factors required for certification of an interlocutory appeal are not satisfied and declines to certify the Order.

First, the issues disputed in the motion for judgment on the pleadings involved mixed questions of law and fact. For purposes of the first certification factor, a controlling question of law is a "narrow question of *pure* law." *Michelin N. Am., Inc. v. Inter City Tire & Auto Ctr., Inc.*, CA 6:13-1067-HMH, 2013 WL 5946109, at *3 (D.S.C. Nov. 6, 2013)

(citation and quotation marks omitted; emphasis added). "Even where the question presented is a legal one, if resolution of that issue is rooted in the facts of a particular case, the question is not proper for interlocutory review." *Randolph v. ADT Sec. Servs., Inc.*, No. CIV.A. DKC 09-1790, 2012 WL 273722, at *5 (D. Md. Jan. 30, 2012) (citing *Fannin v. CSX Transp., Inc.*, 873 F.2d 1438, at *5 (4th Cir. 1989) (unpublished opinion)). In deciding Fluor's motion for judgment on the pleadings, the Court considered the facts of this case and made certain factual determinations relevant to its finding that the Door Closing Statute does not bar jurisdiction, specifically: (1) that the LOGCAP IV contract was negotiated, entered into, and centrally administered in South Carolina; (2) that not only Plaintiff's breach of contract claim, but his tort claims as well, are premised on duties derived from the LOGCAP IV contract; and (3) that significant portions of the LOGCAP IV contract, including oversight and management of Fluor's operations at BAF, were performed in South Carolina. (*See* ECF No. 78 at 4–6.) Thus, the issues resolved in the Court's July 29, 2020 Order were not narrow questions of pure law and the Order is not appropriate for interlocutory review. *See MCI WorldCom Commc'ns v. Commc'ns Network Int'l, Ltd.*, 358 B.R. 76, 79 (S.D.N.Y. 2006) (concluding that where the "operative question . . . is whether [the plaintiff's] tort claims are wholly independent from any contract claims . . . . the question presented for interlocutory appeal is a mixed question of law and fact not generally suitable for interlocutory appeal").

Second, in order to demonstrate that there is substantial ground for difference of opinion, Fluor must do more than simply disagree with the Court's ruling, because "any litigant that receives an unfavorable ruling [is] likely [to] assert that they differ with the Court's opinion and that their own opinion is based on substantial grounds[,]" *In re TD*

8

*Bank*, 2016 WL 7320864, at *5, and because "[c]ertification under § 1292 is not intended to provide early review of difficult rulings in hard cases," *Michelin*, 2013 WL 5946109, at *5 (citation, quotation marks, and modification omitted). Rather, courts have traditionally found that a substantial ground for difference of opinion exists "where 'the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented.'" *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (quoting 3 Federal Procedure, Lawyers Edition § 3:212 (2010)). Fluor does not argue that the law related to the Door Closing Statute is unsettled, but that the Court has "depart[ed] from more than a century's-worth of well-settled law." (ECF No. 79-1 at 5.) Fluor has not shown substantial ground for disagreement sufficient to justify certification of an interlocutory appeal and the second factor is not satisfied.

Third, certification of the July 29, 2020 Order would not materially advance the ultimate termination of the litigation. This is true because, even if the Fourth Circuit took the appeal and reversed the Court's Door Closing Statute ruling with respect to Plaintiff's tort claims, it is very unlikely the reversal would also apply to Plaintiff's contract claim, given that Fluor does not dispute that significant portions of the LOGCAP IV contract—including oversight and management of Fluor's operations at BAF—were performed in South Carolina. Thus, the litigation would persist in this forum, and the scope of the case would be largely unaltered because the contract claim asserts that Fluor's breaches of contract proximately caused Plaintiff's physical injuries—the same injuries at issue in the tort claims. (*See* ECF No. 1 ¶¶ 320–30.) Also, any potential ruling by the Fourth Circuit that granted judgment on the pleadings to Fluor and dismissed Plaintiff's claims in South

Carolina would be procedural in nature, not dispositive of the merits of Plaintiff's claims. Plaintiff would then refile his action in another forum and the whole case would begin again elsewhere. Therefore, even the best-case scenario for Fluor on an interlocutory appeal of the Door Closing Statute issue would result in only nominal "termination" of the litigation. In truth, such a result would significantly delay the ultimate resolution of Plaintiff's claims and the third factor necessary for certification of an interlocutory appeal is not satisfied. Accordingly, Fluor's alternative request to certify the July 29, 2020 Order for interlocutory review is denied.

## **CONCLUSION**

For the reasons set forth above, Defendants' Rule 59(e) motion (ECF No. 79) for reconsideration, or in the alternative, to certify the Court's July 29, 2020 Order for interlocutory appeal pursuant to § 1292(b), is DENIED.

**IT IS SO ORDERED.**

/s/ Bruce Howe Hendricks
United States District Judge

September 4, 2020
Greenville, South Carolina